IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES S PROPST,

    Plaintiff,

v.                                                      CASE NO. 1:18-cv-201-MW-GRJ

SGT. SCOTT,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper. ECF Nos. 1, 6. At the time the Complaint was filed, Plaintiff was an inmate at the Alachua County Jail. The Complaint stems from an incident during which jail officers allegedly confiscated Plaintiff's Bible. Plaintiff alleges that the confiscation violated his rights under the First Amendment and the Religious Freedom Restoration Act. Plaintiff seeks compensatory damages for "mental anguish", as well as declaratory and injunctive relief, including the "demotion of the [Sergeant] involved and determination of the officer that clearly neglected my civil rights." ECF No. 1.

After the Court ordered service of the Complaint upon Defendants, Plaintiff filed change-of-address notices. ECF Nos. 10 and 11. Plaintiff's

most recent notice reflects that he is now incarcerated in Blountville, TN. ECF No. 11.

Pursuant to 28 U.S.C. § 1915(e), governing proceedings *in forma pauperis*, the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Plaintiff does not allege that he suffered any physical injury as a result of Defendants' alleged actions.  The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  Because Plaintiff has alleged no physical injury in connection with his claims, he is barred by the PLRA from seeking compensatory damages for mental anguish.  *See id.*

The PLRA does not preclude the recovery of nominal damages – typically $1.00 – if a Plaintiff establishes a violation of a fundamental constitutional right.  *Smith*, 502 F.3d at 1271.  The Court must consider whether a *pro se* complaint should be liberally construed to request nominal damages, especially where the Plaintiff is also seeking injunctive

relief.  In this case, the injunctive relief sought by Plaintiff – demotion of a jail officer – is not relief that this Court is authorized to award.  Further, it appears that any claim for declaratory and injunctive relief is moot since Plaintiff is no longer confined at the Alachua County Jail.

In view of Plaintiff's changed circumstances since the Complaint was filed, the Court ordered Plaintiff to show cause as to why his claims for compensatory damages, declaratory, and injunctive relief should not be dismissed for failure to state a claim upon which relief may be granted.  The Court ordered Plaintiff to respond on or before December 10, 2018.  ECF No. 12.  As of this date, Plaintiff has failed to respond.  It therefore appears that Plaintiff has abandoned this case.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for failure to comply with an order of the Court and failure to prosecute.

**IN CHAMBERS** this 14th day of December 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.